PER CURIAM.
The St. Petersburg Junior College Faculty Association sought to represent certain college employees. A representation-certification election was held; however, 15 ballots, enough to affect the outcome of the election, were challenged based on voter eligibility.
On 1 December 1980, a hearing was held with regard to the challenged ballots. The Faculty Association subpoenaed seven College employees to testify at the hearing. One College employee, Mr. Herrington, Assistant to the President for Employee Relations, was called to testify on behalf of the College. On 22 December 1980, the Faculty Association, on behalf of the seven employees it had subpoenaed, filed against the College an unfair labor practices charge pursuant to Section 447.501, Florida Statutes, alleging that these seven employees had been docked one day’s pay for appearing on behalf of the union, while individuals who testified on behalf of the employer suffered no such loss of pay. The affidavits attached to the charge stated that one day of annual leave had been charged to the personal leave account of each of the seven employees and the parties concede that this is what actually occurred. The resolution of the Public Employees Relations Commission (“PERC”) is not affected by this disparity.
PERC dismissed the charge stating that: [t]he Association appears to assert a general proposition that an employer who *1010 continues the pay of absent employees while testifying on behalf of the employer must also continue the pay of absent employees while testifying on behalf of an opposing party. The Commission can find no support for this general proposition as a matter of law.
PERC also relied on the analysis found in General Electric Company and Julius Borbely, 230 N.L.R.B. 683 (1977) in reaching its conclusion. We approved reference to cases decided under the National Labor Relations Act in resolving cases of first impression under Florida’s Public Employees Relations Act in Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1978). We agree with the basic rationale of General Electric Company and Julius Borbely and its predecessor, Electronic Research Company, 190 N.L.R.B. 778 (1971), that an employer is not required to subsidize its opponent by paying the salary of the union witnesses. For that reason we affirm the order of the Public Employees Relations Commission summarily dismissing the unfair labor practices charge filed by the Association.
AFFIRMED.
McCORD, MILLS and THOMPSON, JJ., concur.